[Cite as *State v. Justice*, 2026-Ohio-2619.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Respondent-Appellee, | : | |
| | | No. 25AP-282 |
| v. | : | (C.P.C. No. 20CR-3470) |
| Monica G. Justice, | : | (REGULAR CALENDAR) |
| Petitioner-Appellant. | : | |

D E C I S I O N

Rendered on July 9, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Monica G. Justice*, pro se.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Petitioner-appellant, Monica G. Justice, appeals the decision of the Franklin County Court of Common Pleas denying her petition for postconviction relief and her request for recusal by the trial court judge in this case. Finding no merit to Ms. Justice's arguments, we affirm.

{¶ 2} On July 16, 2020, the Franklin County Probate Court ordered Ms. Justice's involuntary detention and mental examination. The next day, deputies from the Franklin County Sheriff's Office attempted to serve her with the order. Ms. Justice was not at home. Four days later, the Franklin County Sheriff's Office dispatched eight SWAT team members to her home to attempt service once again. Ms. Justice did not open the door after repeated knocking. The SWAT team breached the door of her home and were confronted with gunfire. Two officers were shot. After a six-hour standoff, Ms. Justice was apprehended.

{¶ 3}   The state filed an indictment on July 30, 2020, charging Ms. Justice with four counts of felonious assault, in violation of R.C. 2903.11.   Each count carried a three-year firearm specification under R.C. 2941.145(A) and a seven-year firearm specification under R.C. 2941.1412(A).   The indictment also charged Ms. Justice with two counts of having weapons while under disability, in violation of R.C. 2923.13.

{¶ 4}   Ms. Justice waived her right to counsel and, after a protracted series of hearings and psychological evaluations that eventually affirmed her competency, chose to represent herself during trial.   The jury found her guilty on all counts on March 17, 2023. The trial court sentenced her on March 21, 2023, to an aggregate indefinite sentence of 40 to 45 years in prison.   On direct appeal, this court affirmed the convictions but remanded for a limited resentencing to remedy the trial court's failure to provide the advisements concerning indefinite sentences required by R.C. 2929.19(B)(2)(c).   *State v. Justice*, 2025-Ohio-2235, ¶ 51 (10th Dist.).

{¶ 5}   On November 13, 2024, Ms. Justice filed a petition for postconviction relief, seeking to have her conviction overturned.   While acknowledging that her filing was "untimely" under R.C. 2953.21, she asserted that "new exculpatory evidence ha[d] been found" that was "not previously attainable," as required to apply the exception under R.C. 2953.23(A) to the statutory deadline for filing the petition.   (Nov. 13, 2024 Petition at 2-3.)   The purportedly "exculpatory evidence" cited as the basis for the petition was a "testimonial" video uploaded to YouTube of a sheriff's deputy who testified at trial, speaking at a church about the events leading to Ms. Justice's arrest on July 21, 2020.   *Id.* at 4-5.   The same day, Ms. Justice also filed a "petition" requesting that a judge other than the one who presided over her criminal trial adjudicate the petition for postconviction relief due to "his very own bias and prejudice against" her.   (Nov. 13, 2024 Petition for Recusal at 2.)

{¶ 6}   The trial court denied the petition, finding that it was untimely under R.C. 2953.21 and that none of the statutory exceptions to the filing deadline under R.C. 2953.23 applied.   (Feb. 10, 2025 Entry & Order.)   In the same entry, the trial court denied Ms. Justice's request for recusal.   *Id.* at 3.

{¶ 7}   Ms. Justice has appealed both rulings and asserts the following assignments of error:

> [I.] The 'trial' 'judge' once again proved his bias and prejudice
> against the Relators and the 'defendant' "MONICA G.

JUSTICE" in the lower 'court' case by asserting they be subject to his "crystal ball principle" while exempting the Respondents and their representative agents as county prosecutors from such unrealistic machinations though the 'state' had unequal, inequitable access to superior investigative tools, methods and resources than the Relators during the entire cause of the lower 'court' case pre-'trial', during 'trial', and post-'trial'.

[II.] The 'trial' 'judge' failed to properly interpret and apply the 'Brady Rule' the Relator invoked pre-'trial' to the subject matter of the Relators petition for post-conviction relief just as he failed to properly apply and enforce it in the course of pre-'trial' events, petitions, and subpoenas, and the 'trial' itself. Wherefore the Defense's ability to exercise due process of law and execute their affirmative defenses of "self defense" against 'state' acts in violation of the 4th Amendment which then aliened [*sic*] other Substantial Rights was obstructed.

[III.] The 'trial' 'judge' failed to provide the Relator and 'defendant' in the lower 'court' "MONICA G. JUSTICE" (hereafter Defense) due process and equal protection under the law (14th Amendment) in the post-conviction petition process and thus unconstitutionally dismissed their petition.

[IV.] The 'trial' 'judge' failed to prove the Defense was not owed relief in the post conviction relief process as mandated by the extended statutory process under ORC 2953.21(F).

[V.] The 'trial' 'judge' failed to recuse himself in the post-conviction relief process as Defense moved the 'court' to do because he is blind to his own bias and prejudice which prove to be his second nature by the errors he affected, effected and wrote on in his "ENTRY & ORDER" of February 10, 2025.

{¶ 8} We address the first and fifth assignments of error together. They allege that the trial court judge was biased and prejudiced against Ms. Justice, and that he therefore erred by failing to recuse himself from reviewing her petition for postconviction relief.

{¶ 9} R.C. 2701.03 governs the disqualification of common pleas court judges for bias or prejudice. It states: "If a judge of the court of common pleas allegedly . . . has a bias or prejudice for or against a party to a proceeding pending before the court . . . any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court" in accordance with the procedure outlined in the statute. R.C. 2701.03(A). The statute "provides the exclusive means by which a litigant may claim that a common pleas judge is biased or prejudiced." *Capital City Community Urban Redevelopment Corp. v. Columbus*, 2012-Ohio-6025, ¶ 23 (10th Dist.), citing *Wardeh v.*

*Altabchi*, 2004-Ohio-4423, ¶ 21 (10th Dist.). Thus, "the Ohio Supreme Court, not the appeals courts, has authority to determine a claim that a common pleas court judge is biased or prejudiced." *Wardeh* at ¶ 21. If Ms. Justice believed that the judge could not review her petition for postconviction relief impartially because of bias or prejudice, her only "remedy was to file an affidavit of disqualification for prejudice with the clerk of the Ohio Supreme Court." *Id.* Because this court cannot review the trial court's denial of her request or provide any remedy for the error she alleges, the first and fifth assignments of error are overruled.

{¶ 10} The second and third assignments of error, which both challenge the trial court's denial of her petition for postconviction relief, will be considered together.

{¶ 11} The postconviction relief statute allows "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to file a petition in the trial court that imposed sentence seeking an order vacating or setting aside the judgment. R.C. 2953.21(A)(1)(a)(i). However, the petition must "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" to be considered timely. R.C. 2953.21(A)(2)(a).

{¶ 12} Here, the trial transcript in Ms. Justice's direct appeal from the judgment of conviction was filed on September 6, 2023. (Sept. 6, 2023 Notice of Filing the Record, Case No. 23AP-204.) The petition for postconviction relief was filed 434 days later, on November 13, 2024. As Ms. Justice admits, "the petition was not timely" when filed. (Relator's Appeal Brief at 11.)

{¶ 13} The trial court "may not entertain a petition" that is untimely unless two conditions are met. R.C. 2953.23(A). The petitioner must show both of the following:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to

persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 14} The petitioner filing an untimely petition "bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies." *State v. Johnson*, 2024-Ohio-134, ¶ 18. A petitioner may meet this burden in two ways. First, the petitioner may demonstrate that the state suppressed evidence amounting to a violation of their due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id. See also State v. Bethel*, 2022-Ohio-783, ¶ 25 (holding that "when a defendant seeks to assert a *Brady* claim in an untimely or successive petition for postconviction relief, the defendant satisfies the 'unavoidably prevented' requirement contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies"). Otherwise, the petitioner must show that they were "previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence." *Johnson* at ¶ 18.

{¶ 15} Ms. Justice cannot show that the video in question, which was posted on YouTube, was evidence suppressed by the state. "Under *Brady*, the government's obligation to disclose evidence favorable to the defendant and material to guilt or punishment applies only to that evidence which is 'in its possession.'" *State v. Lawson*, 64 Ohio St.3d 336, 344 (1992), quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987). "Where the subject information is publicly available and not under the state's control, the state cannot suppress the evidentiary materials within the meaning of *Brady*." *State v. Duncan*, 2024-Ohio-5610, ¶ 43 (10th Dist.) (citing *State v. Mowery*, 2024-Ohio-4507, ¶ 18 (2d Dist.) and holding that social media posts could not be the subject of a *Brady* claim because they "were publicly available information, not evidence in the sole possession of the state"). Because it was publicly available, the state never had the YouTube video of the

officer's presentation and could not have suppressed it. Accordingly, the video could not form the basis for a *Brady* violation.

{¶ 16} Ms. Justice argues that she was unavoidably prevented from discovering the existence of the video that she claims demonstrates a violation of her constitutional rights because of the "imprisonment terms and conditions" she has been subjected to since her apprehension on July 21, 2020. (Relator's Appeal Brief at 15.) She herself has not seen the video, but relied upon parties from "outside" the "prison system" to inform her of its relevancy to her claims after being informed of its existence. *Id.*

{¶ 17} "The mere fact of [a petitioner]'s incarceration does not amount to clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time limit" for filing a petition for postconviction relief. *State v. Parker*, 2013-Ohio-3177, ¶ 17 (2d Dist.). Incarceration does not excuse a petitioner from exercising reasonable diligence to discover evidence. Accordingly, Ms. Justice cannot demonstrate that she was unavoidably prevented from discovering the video in question, and therefore the exception to the time limit for filing a petition for postconviction relief does not apply.

{¶ 18} In *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36, the Supreme Court of Ohio held that "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." Here, the trial court properly dismissed Ms. Justice's petition after concluding that it was untimely filed, as that fact deprived it of jurisdiction to consider its merits. The second and third assignments of error are overruled.

{¶ 19} In the fifth assignment of error, Ms. Justice argues that the trial court erred by not holding the hearing required by R.C. 2953.21(F). The statute requires "a prompt hearing on the issues" raised in a petition for postconviction relief unless "the petitioner is not entitled to relief," as is the case here. R.C. 2953.21(F). Accordingly, the trial court did not err when denying the request for a hearing. The fifth assignment of error is overruled.

{¶ 20} In conclusion, the trial court did not err by dismissing Ms. Justice's petition for postconviction relief. Having overruled all five assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MENTEL, LELAND, and DINGUS, JJ., concur.

————————————————